**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV 06-2302-PHX-JAT |
| ) | CR 02-0155-PHX-JAT |
| Respondent/Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| John Derrick Martin, ) | |
| ) | |
| Movant/Defendant. ) | |
| ) | |

Pending before the Court is Petitioner's motion to vacate, set aside, or correct sentence. Doc. #316 (of the CR #). On June 13, 2008, the Magistrate Judge to whom this case was assigned gave Petitioner 30 days to show cause why this case should not be dismissed as untimely. Petitioner did not respond, and the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this case be dismissed as barred by the one-year statute of limitations set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Doc. #6 (of the CV #).

Petitioner filed objections to the R&R explaining why he did not respond to the show cause order. Doc. #7. In these objections, Petitioner makes his argument regarding why this Court should find the Petition in this case to be timely. When objections are filed, this Court must review the case de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). As a result, this Court will review the statute of limitations issue de novo, and consider Petitioner's argument on that issue; in other words, the Court will not give any

1  effect to the Petitioner's failure to respond to the show cause order.  However, the Court
2  finds that the Magistrate Judge's Order to Show Cause and the R&R have given Petitioner
3  notice of the possibility of dismissal based on statute of limitations as required by *Day v.*
4  *McDonough*, 547 U.S. 198, 210 (2006).

5  Turning to the merits of the statute of limitations issue, the issue is straight-forward.
6  If this Court uses the conclusion date of the time to appeal to the United States Supreme
7  Court following the entry of the "judgment" on Petitioner's direct appeal, February 21, 2005,
8  to begin running the statute of limitations, the Petition in this case (filed on September 26,
9  2006) is untimely.  Conversely, if the Court uses the date the mandate issued on Petitioner's
10 direct appeal, September 27, 2005, to begin running the statute of limitations, the Petition in
11 this case is timely.

12 The R&R recommends that the Court use the date 90 days after judgment and not the
13 date the mandate issues to begin running the statute of limitations.  *See* R&R at 1-2 (citing
14 *United States v. Garcia*, 210 F.3d 1058, 1060, n. 6 (9th Cir. 2000)).  In *Garcia*, the Court of
15 Appeals held, "we hold that the one-year limitations period for a federal prisoner who does
16 not file a petition for a writ of certiorari begins to run when the time for filing the petition
17 expires."  210 F.3d at 1060.  *Garcia* makes clear that the date of the judgment, and the
18 corresponding 90 days to seek certiorari under Supreme Court Rule 13.3, is relevant date for
19 calculating a § 2255 habeas statute of limitations, regardless of when the mandate of the
20 court of appeals issues.  As indicated above, the "judgment" in this case was entered on
21 November 23, 2004, and the time to seek a writ of certiorari to the Supreme Court ran on
22 February 21, 2005.  R&R at 2.  Further as indicated above, using this date, the Petition in the
23 case is barred by the statute of limitations.

24 Citing nothing, in his objections Petitioner argues that this Court should use the date
25 of the mandate in this case,  Objections at 2.[1]  The facts surrounding the appeal in this case

26

---

27  [1] Petitioner argues that this Court should not use the date of the prematurely issued
28 and later recalled mandate as the date for starting the statute of limitations.  This Court agrees

- 2 -

are atypical, which is why the mandate in this case was issued approximately 10 months after the judgment. The Court of Appeals issued its "judgment" affirming Petitioner's conviction on November 23, 2004. However, the Court of Appeals intentionally withheld the mandate as to potential sentencing issues arising from *Booker* and *Fanfan*, which were decided after the district court sentenced Petitioner. Doc. #304 (of the CR #) at 9. The Court of Appeals then had the parties brief the sentencing issue. Ultimately the Court of Appeals affirmed the district court's sentence, and issued the mandate on September 27, 2005. Based on these facts, Petitioner argues that this Court should start the statute of limitations calculation from the date of the mandate.

In one instance this Court has located, when the Court of Appeals reversed the district court, the Court of Appeals concluded that the § 2255 statute of limitations did not begin to run until the amended judgment was issued by the district court (following reversal and remand) and direct appeal of the amended judgment was concluded. *See U.S. v LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005). However, in this case, there was no reversal and no amended judgment. Thus, the only way this Court could, consistent with *Garcia*, use the mandate date, instead of the judgment date (plus time to appeal), to start the statute of limitations would be to hold that the statute of limitations began running on February 21, 2005 on the conviction affirmed by the judgment, but did not begin to run on any sentencing issues until the September 27, 2005 order affirming the sentence. However, the Court can find nothing in the language of the statute to support a bifurcation of this kind.

As a result and based on *Garcia*, the Court agrees with the recommendation of the R&R that the statute of limitations began to run 90 days after the entry of the Court of Appeals' judgment, or February 21, 2005. The Petition filed in this case on September 26, 2006 is, therefore, barred by the AEDPA's one-year statute of limitations.

Further, the Court agrees with the R&R that Petitioner has shown no basis for equitable tolling of the statute of limitations. R&R at 2-3. Petitioner makes no argument in

---

and has not used the prematurely issued mandate in its calculations.

1 his objections that circumstances beyond his control prevented him from filing within the
2 statute of limitations. *See generally* Objections. And any potential error by counsel in
3 calculating the statute of limitations does not provide a basis for equitable tolling. *Lawrence*
4 *v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply
5 not sufficient to warrant equitable tolling... .").

6 Based on the foregoing,

7 **IT IS ORDERED** that the Report and Recommendation (Doc. #6) is accepted and
8 adopted, the objections (Doc. #7) are overruled, the Petition (Doc. #1 in CV#; Doc. #316 in
9 CR#) is denied and the Clerk of the Court shall enter judgment of dismissal with prejudice
10 because the Petition is barred by the statute of limitations.

11 DATED this 7th day of October, 2008.

_____
James A. Teilborg
United States District Judge