**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 06-2302-PHX-JAT |
| Respondent/Plaintiff, | CR 02-0155-PHX-JAT |
| vs. | **ORDER** |
| John Derrick Martin, | |
| Movant/Defendant. | |

**Background**

At trial, Movant was convicted as a co-conspirator to the crimes of possession with intent to distribute cocaine and attempted possession with intent to distribute cocaine. (Docs. 148, 149, CR 02-155). After Movant's conviction was affirmed on appeal (Docs. 295, 304, CR 02-155)**,** Movant filed a Motion to Vacate, Set Aside or Correct Sentence. (Doc. 316, CR 02-155). This Court denied the motion as untimely. (Doc. 8, CV 06-2302). The Court of Appeals reversed, finding the motion timely. (Doc. 17, CV 06-2302).

**Procedural status**

On September 15, 2010, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") (Doc. 19) on the merits of the Motion to Vacate, Set Aside, or Correct Sentence ("Motion"). Movant timely filed objections to the R&R. (Doc. 20). The Court will review the portions of the R&R to which objections were filed *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

**Claims for relief**

The Motion asserts three theories of ineffective assistance of counsel: 1) counsel failed to file a motion to suppress the Agents' identification of Movant; 2) counsel failed to move to sever; and 3) counsel failed to request funds for an investigator or personally investigate. In his objections, Movant conceded "argument III." Objections at 1. However, from reading the objections, the Court believes Movant in fact conceded argument II. Regardless, because no objections were made as to theory II (counsel's alleged deficiency in failing to move to sever), the Court will accept and adopt the R&R on theory II.

**Standard for ineffective assistance of counsel**

Petitioner did not object to the R&R's recounting of the law of ineffective assistance of counsel. R&R at 6, 9-10. Accordingly, the Court accepts this legal framework. Specifically, to show ineffective assistance of counsel, Movant "must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. 668, 690 (1984). In order to show prejudice, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Without specifics that cause the court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (noting that Movant needs to "identify what evidence counsel should have presented" to show his innocence).

**Theory I**

Turning to theory I, counsel's alleged ineffectiveness for failing to file a motion to suppress the Agents' identification of Movant, Movant objects to the R&R's recommendation that this Court deny relief without conducting an evidentiary hearing.

Specifically, the objections state, "An evidentiary hearing is required in order for [Movant] to establish his previous history with the agents and to demonstrate why those facts would have caused his identification to be unconstitutional." Objections at 2.

The factual background of this claim is that Officer Donegan had an interaction with Movant in 1993 and knew Movant by his nickname, "Rabbit." R&R at 5. Agents Goodman, Baggett, and Hardcastle testified at trial that Movant was the driver of the Suburban used in the drug sale in this case, but at the time of the drug transaction, November 2001, they did not instantly recognize Movant. Doc. 347 at 6-7 (CR 02-155). Instead, the Agents learned Movant's name by observing him in the Suburban, running the license plate on the Suburban, which was registered to Movant, and later comparing their memory of the driver to a photograph of Movant. *Id.* at 6-7, 12-13.

Basically, Movant's argument on this claim is that counsel was ineffective for not filing a motion to suppress Movant's identification and, at the hearing on that motion, questioning Agents Goodman, Baggett and Hardcastle regarding why they did not immediately recognize Movant when they saw him in the Suburban. In other words, Movant's argument is that something unconstitutional must have occurred in the identification process because the Agents did not immediately recognize Movant at the scene in 2001, even though a different Officer knew Movant from 1993. As the R&R correctly notes, "[Movant] alleges no facts that support his contention that Agents Goodman, Baggett, and Hardcastle knew, or should have know, [Movant's] identity from their 'previous history' with him." R&R at 5.

In fact, although Movant uses the word, "previous history" Movant never actually alleges that the Agents involved in the 2001 drug transaction that forms the basis of this conviction ever had any previous contact with Movant.[1] Accordingly, the R&R correctly

---

[1] The closest allegation would be Movant's statement in his motion that, "[Movant] avers counsel could have examined agent Goodman regarding his previous history with the [movant] especially the 1993 conviction he got on him." Doc. 316 at 14, CR 02-155. The Court is unclear if the "conviction he got" means the police in general, or Agent Goodman

- 3 -

1 concluded that no evidentiary hearing is necessary in this case because no hearing is
2 necessary if this Court "is able to determine without a hearing that the allegations are without
3 credibility or that the allegations if true would not warrant a new trial . . . ." *United States*
4 *v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991). And, as state above, in this case there
5 are no allegations.

6 Moreover, even if this Court were to assume Movant meant to allege and hoped to
7 prove that the particular Agents from the 2001 arrest had personally seen or known Movant
8 in 1993, the fact that these Agents may have known Movant in 1993, but failed to remember
9 him in 2001, does not form the basis of a constitutional violation which would cause a court
10 to suppress the Agents' identification of Movant.

11 Movant's argument that he requires an evidentiary hearing, "to demonstrate why those
12 facts [surrounding the identification] would have caused his identification to be
13 unconstitutional" (Objections at 2) is similarly unavailing. An evidentiary hearing is not
14 needed to make a legal argument. And Movant has made no legal argument for why or how
15 the identification was unconstitutional. Thus, Movant is not entitled to an evidentiary
16 hearing for the alternative reason that he has not alleged facts which if true would entitle him
17 to any legal relief. *See Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005)(*rev'd on*
18 *other grounds Ayers v. Belmontes*, 549 U.S. 7 (2006)).

19 Thus, as to theory I, counsel was not ineffective for failing to file a motion to suppress
20 the identification of Movant because Movant has not alleged either facts, or law, which
21 would have supported Movant prevailing on such suppression motion. *Rupe v. Wood*, 93
22 F.3d 1434, 1445 (9th Cir. 1996) (counsel's failure to take an action that would have been
23 futile can never be deficient performance). Accordingly, the Court will deny relief on theory
24 I.

---

specifically. Nonetheless, other than this one unclear sentence, there is no evidence in the record that Agent Goodman had any involvement in the 1993 conviction

- 4 -

**Theory III**

Turning to theory III, counsel's alleged deficient performance for failing to request funds for an investigator or failing to personally investigate the scene, Movant objects to the R&R's recommendation that this Court deny relief without conducting an evidentiary hearing. As the R&R recounts, in this theory Petitioner is arguing that counsel should have viewed the actual scene in person or through an investigator so counsel could have asked the Agents whether, "from the Shoney's restaurant one can view the occupants and activities of a vehicle across the street and behind a Kinko's print shop. Or, could one in a sedan drive around that Kinko's parking lot and view upwardly to the occupant of a Suburban so as to later make a sufficient out of court identification?" R&R at 9 (quoting Doc. 316 at 9, CR 02-155).

With respect to counsel's duty to investigate,

> "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. We evaluate the scope of the duty to investigate in light of the context of trial. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

*Hovey v. Ayers,* 458 F.3d 892, 909 (9th Cir. 2006).

As noted in the R&R, Movant's trial counsel had, by way of discovery from the Government, "a videotape shot by a stationary surveillance vehicle located in the Shoney's parking lot, and numerous photographs of the Nashville locations." R&R at 10. Further, "[Movant's] trial counsel avows that he thoroughly reviewed the disclosure, including the surveillance videotape and photographs of all relevant locations. (Doc. 349-7, ¶ 7.)." *Id.* Movant does not dispute this evidence. Further, Movant does not point out what a physical visit to the scene would have revealed that a videotape and numerous photographs did not reveal. Thus, the Court agrees with the R&R that Movant's argument that viewing the scene in person would have provided impeachment evidence is conclusory and speculative. *See* R&R at 9.

- 5 -

Further, given the Agents' testimony in this case, positively identifying Movant, and the other evidence, further on-site investigation would not have been beneficial. *See Eggleston v. U.S.*, 798 F.2d 374, 376 (9th Cir. 1986) ("[I]neffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case."). The R&R points to the following evidence:

> As noted by the court of appeals, the evidence implicating [Movant] as Buelna's customer in Tennessee was extensive. Buelna referred to his customer as "Rabbit" and it was "Rabbit" who provided the description of the person who would pick up the bag. The Suburban driven by "Rabbit" the day of the transaction was registered to [Movant]. One of the cell phones used during the transaction was unlocked using the last four digits of [Movant's] social security number. After seizure of the bag, Buelna and [Movant] spoke on the phone, at which time Buelna learned that Dobson was [Movant's] uncle. Additionally, in 1993, [Movant] had stated to law enforcement officers that his nickname was "Rabbit" and admitted to Agent Goodman at the time of his arrest on the current charges that some people called him "Rabbit."

R&R at 9.

Given the considerable evidence against Movant, and the discovery available to trial counsel, the Court agrees with the R&R that trial counsel was not ineffective for failing to investigate in person. Additionally, the Court agrees that no evidentiary hearing on this claim is required.

Specifically, Movant argues, "The theme and theory of his argument rest[s] on violation of [the duty to make reasonable investigations] standard and require[s] a hearing to further demonstrate the omissions and the resulting prejudice." Objections at 3. As discussed above, to warrant an evidentiary hearing Movant must allege facts, which if true, would entitle him to relief. *Navarro-Garcia*, 926 F.2d at 822. Movant has alleged no such facts in this case. Thus, the Court agrees with the R&R that record establishes that Movant is not entitled to relief and no evidentiary hearing is required. R&R at 1; *Eggleston*, 798 F.2d at 376 (noting that no evidentiary hearing is required in § 2255 cases if the motion and the files and records of the case conclusively show that the movant is entitled to no relief).

**Conclusion**

Based on the foregoing,

1  **IT IS ORDERED** that the Report and Recommendation (Doc. 19) is accepted and
2  adopted, the Objections (Doc. 20) are overruled and the Clerk of the Court shall enter
3  judgment accordingly.

4  **IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing
5  Section 2255 Proceedings, in the event Movant files an appeal, the Court grants the
6  certificate of appealability. The Court finds that Movant has stated a claim of constitutional
7  magnitude as theories I and III of ineffective assistance of counsel and the Court grants the
8  certificate of appealability as to those theories.

9  DATED this 15th day of November, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge